UNITED STATES, Appellee

v.

BENJAMIN JONES, Private, U. S. Army, Appellant

1 USCMA 302, 3 CMR 36

No. 79

Decided April 14, 1952

MAJ. Sumner A. Brown, U. S. Army, for Appellant.

MAJ. Augustus A. Marchetti, U. S. Army, and, 1ST. LT. Eugene L. Grimm, U. S. Army, for Appellee.

### Opinion of the Court

GEORGE W. LATIMER, Judge:

Pursuant to the provisions of Article 67(b)(3), Uniform Code of Military Justice, 50 USC § 654, we granted the petition of the accused to review the procedure adopted by the court-martial in imposing sentence under the following facts and circumstances:

The accused was charged with being absent without leave from his organization from December 15, 1950, to February 26, 1951. At the time of the inception of the absence his organization was located approximately seven miles north of Seoul, Korea. There is no question about the sufficiency of

302

the evidence to sustain the finding of guilty and this appears to be regular in every respect. However, after the court returned a finding of guilty of the charge and specification, the trial judge advocate, in the presence of the accused and his counsel, stated that he had evidence of two previous convictions to submit. Upon questioning by the law member the trial judge advocate announced that the dates of the previous convictions were March 23, 1950 and July 15, 1950. The accused interposed no objection but the law member erroneously ruled that the previous conviction of March 23, 1950 was inadmissible. The president thereupon closed the court and upon re-opening the president announced that the court disagreed with the law member as to the inadmissibility of the evidence of that conviction. The law member, however, refused to reverse his ruling, and announced that that conviction was not to be considered. Prior to closing the court to consider the sentence the record shows that evidence of the two previous convictions was read to the court and an extract copy, containing reference to both, marked prosecution Exhibit 2, was introduced into and attached as part of the record. The accused was sentenced to be dishonorably discharged from the service and to be confined at hard labor for 25 years. The staff judge advocate noticed the error in procedure and recommended that the sentence be reduced to 12 years. The convening authority adopted the recommendation, reduced the sentence to the time limit suggested, and forwarded the record to the board of review. This board further considered the case and reduced the confinement to 10 years.

The general court-martial order issued by Headquarters, 1st Cavalry Division, on May 30, 1951, published the sentence and included a statement that two previous convictions had been considered by the court. We assume the accuracy of the record, and in so doing we are faced with disposing of three questions: Namely, was it error for the court-martial to consider the two convictions; was the error prejudicial;

and, if so, was the prejudice removed by the reviewing authorities?

Article of War 31, 10 USC § 1502, applicable to the question involved, provides as follows:

"The law member of a general court-martial or the president of a special court-martial shall rule in open court upon interlocutory questions, other than challenge, arising during the proceedings. . . . And provided further, That any such ruling made by the law member of a general court-martial upon any interlocutory question other than a motion for finding of not guilty, or the question of the accused's sanity, shall be final and shall constitute the ruling of the court; . . ."

The foregoing short resumé of the facts and procedure discloses that we are faced with an attempt on the part of the court to usurp the powers granted to the law member, a question akin to the one disposed of in *United States v. Berry*, 1 USCMA 235, 2 CMR 141, decided March 18, 1952. The quoted article of war establishes that on this interlocutory question the ruling of the law member was final. The court should not have closed to consider the ruling and it should not have deliberately disregarded the ruling made. The statute provides that the law member is supreme when dealing with interlocutory questions and regardless of whether or not his ruling is correct or erroneous it constitutes the law of the case, and should be followed by the court. Failure to do so constitutes error.

If the case had reached this court in that posture we might be faced with some difficulty in holding the error prejudicial. While the ruling of the law member was incorrect in law, it is doubtful that an accused can show material prejudice because he was not given the full benefit of a ruling on a matter which, while favorable to him, he was not entitled to. But, this is a matter we need probe no further as we shall assume prejudice was present. The question thus narrows itself to this: The court having committed error touching on the severity of the sen-

**303**

tence, which we have assumed as prejudicial, could the prejudice, if any, be purged by the subsequent reductions in the period of confinement by the convening authority and the board of review?

The sentence as imposed by the court included confinement for 25 years. However, when the case reached the office of the convening authority it was reviewed by the staff judge advocate and in his discussion he pointed out that the court-martial erred in disregarding the ruling of the law member. He further pointed out that the punishment assessed was well within the limits for the offense charged and established, regardless of the number of other convictions, and yet it appeared severe when consideration was given to the nature of the charge. He pointed these matters out to the convening authority and recommended that the period of confinement be reduced to 12 years, and this recommendation was adopted. This reduction was granted in spite of the fact that the report shows a poor record on the part of the accused. The cause was then forwarded to the board of review of the U. S. Army, and after a consideration of the case, it determined on the basis of the entire record that the sentence should be further reduced and thereupon affirmed only so much of the sentence as provided for confinement for 10 years.

This problem has been before boards of review in various forms over a number of years, and a well-defined principle of law has been announced to the effect that a prejudicial error such as this can be corrected by the subsequent reviewing agencies. Because of the practical difficulties involved in reconvening a court to correct this type of post-finding error, and because the Articles of War and the Uniform Code of Military Justice give the reviewing authorities the right to approve so much of a sentence as they conclude is correct in law and in fact, we do not overrule this long established principle, particularly where, as here, both previous convictions could and should have been considered had the law member correctly interpreted the law.

**304**

Article of War 47, 10 USC § 1518, in effect at the time the action was taken by the convening authority, provided that he had the power to approve the whole or any part of a sentence. The congressional grant of authority must have been bottomed on the concept that if the sentence was valid in part and erroneous in part that which was untainted could be approved.

Article 66(c) of the Uniform Code of Military Justice, 50 USC § 653, in referring to the power of a board of review, states:

"It shall affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved."

Again, included within the authority granted to the boards of review is the right to reduce the sentence if it should determine that any part is erroneous, excessive, or based on incompetent evidence, which had a tendency to increase the sentence. To interpret the acts more narrowly would defeat the intent clearly expressed by Congress as the entire record is the basis for determining the sentence which should ultimately be affirmed. The breadth of the grant encompassed post-finding errors as well as trial and pre-trial errors, and to narrow the limits to the extent that the reviewing authority could not effectively remove prejudice would tend to defeat one of the salutary provisions of the Code.

There are a number of service cases which have held that the prejudicial effect of improperly considering prior offenses can be corrected by reviewing authorities. This has been a standard service practice for a number of years and we can assume that had Congress looked with disfavor on the principles involved the Uniform Code of Military Justice would have restricted the powers of convening and reviewing authorities to reduce sentences for errors of law when as a matter of fact the Act appears to have extended the authority.

Three cases which are analogous to

the case at bar and which clearly spell out the well-considered and formulated service rule to the effect that prejudice arising out of similar circumstances may be removed by substantial reductions in the sentence are referred to.

In CM 244760, United States v. Cihos, 29 BR 1 (1943), the court, after having properly reached a finding of guilty, permitted the trial judge advocate to introduce a certificate of punishment under Article of War 104, 10 USC § 1576. The board of review held this certificate was incompetent, should not have been received, and should not have been considered in assessing punishment. However, in resolving the question of prejudice, the board made the following statement:

"The reception by the court of evidence of punishment under Article of War 104 was improper and erroneous. But the court having properly reached its findings prior to the reception of the incompetent evidence, the rights of the accused insofar as the findings are concerned were not prejudiced. Where the evidence in question did not prejudice the rights of the accused, and where the sentence imposed was within the legal limits, the error is harmless and not prejudicial (CM 232160, McCloudy and CM 243015, Fisher)."

In 1945, in CM 270462, United States v. Ricker, 45 BR 295, evidence of previous convictions was erroneously introduced, and the board of review in that case stated as follows:

"The only true and correct previous conviction which should have properly been disclosed to the court was the one described in Prosecution Exhibit 11, as 'AW 61—Absent without leave.' The reception by the court of Prosecution Exhibit 11 containing the additional incorrect information with respect to accused's previous conviction was unfortunate, improper, and erroneous. Its reception, however, was not prejudicial to the substantial rights of the accused in so far as the findings were concerned because the findings had been properly reached prior to the reception of such erroneous matter. As

was said by the Board of Review in CM 243015, Fisher (27 BR 257, 259):

" 'Since, however, the evidence in question did not prejudice the accused's rights insofar as the findings of guilty are concerned and since the sentence imposed is within the legal limits provided by law, the error does not require the disapproval of either the findings or the sentence. . . .'

"Although it is impossible to measure the effect which the erroneous information had upon the court in assessing the punishment adjudged, the Board of Review is of the opinion that the error was purged and rectified by the action of the reviewing authority in reducing the sentence of confinement from life to 15 years."

In CM 313163, United States v. Hawkins (1946), 63 BR 29, the same question was again presented to a board of review, and it followed the holding of the Ricker case. The question was disposed of in the opinion in the following language:

"The evidence of previous convictions (R 12; Ex E) should not have been considered by the court. It shows a previous conviction by general court-martial but fails to set forth the offenses of which accused was convicted. Further, it shows five previous absences without leave with nothing to indicate that accused was convicted of these offenses by court-martial. In fact, the previous conviction referred to concerned only two of those absences. The evidence of other absences without leave was clearly inadmissible (MCM, 1928, par 79c, p 66).

"However, since this error did not prejudice the accused's rights insofar as the findings of guilty are concerned, and since the sentence imposed is within the legal limits provided by law, the error does not require the disapproval of either the findings of guilty or the sentence.

"Although it is impossible to measure the probable effect of the error upon the action of the court in ar-

riving at the sentence, the Board of Review is of the opinion that the record can be completely purged of the effect of the error by an appropriate remission by the confirming authority (CM 243015, Fisher, 27 BR 257; CM 270462, Ricker, 45 BR 295)."

In this instance the accused was tried for absence without leave. His unit was at the time engaged in a combat area. The sentence imposed provided for confinement for 25 years. The two previous convictions were for absences without leave in the United States, and they could hardly be called major offenses as relatively light sentences were imposed. The one which could have been considered as illegally before the court involved an absence without leave at Fort George C. Meade, Maryland, from March 16th to March 22nd. The sentence, as approved, was reduction to the lowest enlisted grade and a forfeiture of $10.00 of pay. It could well be argued that this previous conviction had no effect on the sentence imposed. But, assuming that it was influential and that it added to the length of the term assessed, the reviewing authority must have taken this into account as he reduced the period of confinement by 13 years. This was the only error of law pointed out to him, and the record does not reflect prior good conduct, extenuating circumstances, or mitigating factors. It can fairly be assumed, in view of the record of the accused and the recommendation made by the staff judge advocate, that the convening authority concluded the error in the admission in evidence of the first prior conviction tended to increase the sentence and that he reduced the period of confinement to equalize the penalty imposed with that of like offenders. Moreover, the board of review, when it considered the case and reviewed the entire record, further reduced the sentence. It would seem from the holding of the board of review that it determined the sentence as approved by the convening authority was correct, in law and in fact, and that its decision to reduce the sentence was impelled by a desire to affirm only so much of a sentence as would be consistent with penalties imposed in similar cases involving those offenders who had been convicted of only one previous offense. Such purposes being fairly within the holdings of the convening authority and the board of review, any prejudicial effect of considering the second previous conviction was eliminated. While conceivably there may be cases which might not reflect clearly that the prejudice was removed by the acts of the subsequent authorities, this is not one of them. Here, the reduction was substantial. The previous offence was relatively minor. If the impact on the minds of the members of the court could be measured it would be slight and the other factors which might influence clemency are found wanting. The conclusion is inescapable that the reduction was made so as to render a fair and just sentence under the competent facts of the case and not for the reason that a prior good record had earned the remission.

We are, therefore, constrained to hold that any prejudicial error influencing the length of the sentence has been corrected by the subsequent action of the reviewing authorities.

The holding of the board of review is affirmed.

ROBERT E. QUINN, Chief Judge (concurring in the result):

I concur in the result.

It was error for the court to disregard the instruction of the law member in the matter of the admissibility of the prior convictions. However, if the law member had admitted the evidence of both prior convictions his ruling would unquestionably have been legally correct. The action of the court, therefore, in considering the two prior convictions (if they did consider them) for the purpose only of imposing an appropriate sentence was not prejudicial. The convening authority reduced the sentence from 25 to 12 years and it was further reduced by the board of review to 10 years. The accused is in no position to complain of the final result. The holding of the board of review should be affirmed.

Judge BROSMAN dissents.